IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON L. PERRY,**

                **Plaintiff,**

    v.                                       CASE NO. 12-3086-SAC

**FEDERAL BUREAU OF PRISONS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the court on a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff, a prisoner at the United States Penitentiary, Leavenworth, Kansas, claims his constitutional rights were violated after he was placed in segregated housing in February 2012 and his legal mail was confiscated. Plaintiff claims he lost an appeal as a result of the interference with his legal mail and limits on legal phone calls. He seeks damages.

*Screening*

Because plaintiff is a prisoner, the court must screen his pleadings and must dismiss any part that is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(a)-(b).

In addition, because plaintiff proceeds pro se, the court must liberally construe the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All well-pleaded allegations in the complaint are

accepted as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, the complaint must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The court's review of the record has identified the following deficiencies.

*Motion to proceed in forma pauperis*

Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to bring a civil action in forma pauperis must submit a certified copy of his institutional account records for the six months preceding the filing. Plaintiff has not provided such a financial statement in support of the motion to proceed in forma pauperis.

*Exhaustion*

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust available administrative remedies before commencing a suit concerning prison conditions. This requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).

Plaintiff has submitted exhibits to the court that suggest his first attempts to exhaust administrative remedies were rejected because he did not include the relevant reports from staff members, but these materials do not suggest that the remedy was foreclosed.

2

Rather, it appears plaintiff was advised on how to supplement the grievance request and given time to re-submit the remedy.

The court is mindful that "'a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." *Markovich v. Correct Care Solutions*, 406 Fed. Appx. 264, 265 (10th Cir. 2010)(quoting *Aquilar-Avellaveda v. Terrell*, 478 /f.3d 1223, 1225 (10th Cir. 2007)). Accordingly, the court will direct plaintiff to supplement the record with a statement of whether he has pursued administrative remedies following the rejection of his initial attempts.

*Personal participation*

Under *Bivens*, a plaintiff may assert claims against government officials in their individual capacities. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). To state a claim, plaintiff must allege personal participation by each individual defendant. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003). Because plaintiff's complaint fails to identify such personal participation, he must prepare an amended complaint that explains the specific acts or omissions by each defendant.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including July 6, 2012, to (1) submit a financial statement in support of the motion for leave to proceed in forma pauperis; (2) supplement the record with a statement of his pursuit of administrative remedies following the rejection of his earlier attempts; and (3) submit an amended complaint explaining how each

individual defendant personally participated in the alleged violations of his protected rights. The failure to file a timely response may result in the dismissal of this matter without prejudice and without additional prior notice.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED: This 5th day of June, 2012, at Topeka, Kansas.

S/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge

4